IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

TRAVIS BILLINGS,

    Plaintiff,

v.

STEVEN UPTON, et al.,

    Defendants.

CIVIL ACTION NO.: 5:21-cv-36

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 10.[1] This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against Coffee Correctional Facility. However, I **FIND** that some of Plaintiff's claims may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Upton, Stone, and Rickenson.

### PLAINTIFF'S CLAIMS[2]

Plaintiff states he has been in the segregation unit on involuntary protective custody at Coffee Correctional Facility since December 28, 2020. Doc. 1 at 3–4. While in the segregation unit, officials have refused him the recreation time allowed him under the Georgia Department of Corrections' Standard Operating Procedures ("SOP"). Id. at 3. When Plaintiff asked Defendant

---

[1] The Court notes Plaintiff filed a supplement to his Complaint which describes grievances Plaintiff contends demonstrate he has fully exhausted his administrative remedies. Doc. 10.

[2] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Rickenson if he could be allowed to have his hour of recreation time, Defendant Rickenson refused to allow the recreation time or to contact someone who could allow Plaintiff to receive his recreation time. Id. at 5. Plaintiff asserts he has suffered mental anguish as a result of being kept in the solitary cell. Id. Plaintiff requests both monetary and injunctive relief. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Claim Against Coffee Correctional Facility**

Plaintiff names Coffee Correctional Facility as a Defendant.  Doc. 1.  In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  While local governments qualify as "persons" under § 1983, penal institutions and private corporations which contract with states to operate penal institutions are generally not considered legal entities subject to suit.  See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Dumas v.CoreCivic, Civil Action No. 5:20-cv-122, 2021 WL 1733499, at *1 (S.D. Ga. May 3, 2021) (holding, under the Eleventh Amendment, a plaintiff could not maintain plausible claims against the state department of corrections or the private corporation which operated the prison named in the suit).

Because Coffee Correctional Facility is a state prison, it is not a "person" subject to suit under § 1983.  Hale, 50 F.3d at 1582.  For this reason, I **RECOMMEND** the Court **DISMISS** all claims against Coffee Correctional Facility.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint: all claims against the Coffee Correctional Facility.  However, I **FIND** that some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of the following claims by separate Order: Plaintiff's Eighth Amendment conditions of confinement claims against Defendants Upton, Stone, and Rickenson.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); <u>Harrigan v. Metro Dade Police Dep't Station #4</u>, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 19th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA